# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ED'S PALLET SERVICES, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 15-CV-1163-SMY-SCW |
| APPLIED UNDERWRITERS, INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Now before the Court is Plaintiff's Motion to Amend Orders (Doc. 37). On December 28, 2015, Defendant moved for a Motion to Dismiss or Stay. Specifically, Defendant requested that the Court dismiss this case and dissolve the Preliminary Injunction it previously issued, or that it alternatively stay this proceeding, dissolve the injunction, and compel Plaintiff to arbitrate its dispute with Defendant (Doc. 15). The Court granted Defendant's motion on April 7, 2017, to the extent that it dissolved the Preliminary Injunction and stayed the proceedings in this matter pending the conclusion of arbitration (Doc. 35). Also, on April 11, 2017, the Court denied Plaintiff's Motion for Leave to File Amended Complaint as moot, in light of the April 7, 2017 Order.

Plaintiff requests that the Court amend its orders to certify that there is a controlling question of law, pursuant to 28 U.S.C. § 1292(b) by adding the following language: "In the opinion of the court this order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from this order may materially advance the ultimate termination of the litigation." For the following reasons, Plaintiff's motion is **DENIED**.

As a general rule, appellate courts may only hear appeals from "final decisions" of the district courts. *See* 28 U.S.C. § 1291. The Court of Appeals, in its discretion, may hear an interlocutory appeal after certification from the district court that the appeal presents "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). In enacting § 1292(b), Congress "chose to confer on district courts first line discretion to allow interlocutory appeals." *Swint v. Chambers County Com'n,* 514 U.S. 35, 46–47 (1995). However, Congress "carefully confined the availability of such review." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 474–75 (1978).

The Seventh Circuit addressed the § 1292(b) requirements In *Ahrenholz v. Board of Trustees of University of Illinois,* 219 F.3d 674, 675–76 (7th Cir. 2000):

> There are four statutory criteria for the grant of a section 1292(b) petition .... there must be a question of *law,* it must be *controlling,* it must be *contestable,* and its resolution must promise to *speed up* the litigation.... Unless **all** these criteria are satisfied, the district court may not and should not certify its order ... under section 1292(b)." (emphasis in original).

A "question of law" as used in section 1292(b), refers to a question regarding the meaning of a statutory or constitutional provision, regulation, or common law doctrine; in other words, an "abstract legal issue" that the appellate court could decide "quickly and cleanly without having to study the record." *Ahrenholz,* at 676.

Here, Plaintiff's request for interlocutory appeal certification is not based on the existence of a question of law. Rather, Plaintiff challenges the Court's finding that a valid agreement to arbitrate exists, that the dispute between the parties falls within the scope of the agreement, and that any question as to arbitrability is to be decided by the arbitrator (Doc. 35). These findings do not involve or implicate "abstract legal issues" – the meaning of a statutory or constitutional provision, regulation, or common law doctrine. Moreover, the Court's order

compelling arbitration and staying the case pending the conclusion of arbitration is not outcome-determinative and therefore does not affect a controlling issue of law. The issue Plaintiff raises is a question of contract interpretation, not a question of law. Accordingly, Plaintiff's Motion to Amend Orders is **DENIED**. Given the Court's ruling, Plaintiff's Motion for Status of Pending Motion (Doc. 39) is **DENIED as MOOT**.

    **IT IS SO ORDERED.**

    **DATED: December 20, 2017**

    **s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**