**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**(EAST ST. LOUIS DIVISION)**

| | | |
|---|---|---|
| ED'S PALLET SERVICES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No.:   3:15-cv-01163-SMY-GCS** |
| | ) | |
| APPLIED UNDERWRITERS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S APPEAL FROM THE MAGISTRATE JUDGE'S OCTOBER 22, 2019**
**MEMORANDUM AND ORDER  (DOCKET NO. 60)**

Defendant Applied Underwriters, Inc. ("Applied") submits this memorandum of law to appeal the entry of the Court's Order granting the motion of Plaintiff Ed's Pallet Services, Inc. ("Plaintiff") for leave to file an amended complaint to add a nation-wide, class action claim.

**I.      Standard of Review**

Any party may "appeal a Magistrate's Judge's order determining a motion or matter within 14 days after issuance of the Magistrate Judge's order."  Local Rule 73.1(a); Fed. Rules Civ. Proc. 72(a); *Hamilton Mem. Hosp. Dist. V. Toelle*, 2013 U.S. Dist. LEXIS 149329 at *3 (SDIL 2013). The assigned District Judge "shall reconsider the matter and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law."  *Johnson v. Randle*, 2011 WL 2941296 (S.D. Ill. 2011).  Fed. R. Civ. P. 72(b) directs the Court to make a *de novo* determination of those portions of the report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Trainor v. Gebke*, 208 U.S. Dist. LEXIS 39109

1

at *2, quoting in part U.S.C. §636(b)(1)(C).  We respectfully request reconsideration of the Order by interposing the following objections to the Magistrate's ruling.

## II.    OBJECTIONS

### A.  Undue Delay

Specifically, Magistrate Judge Sison found that because "the class action allegations relate to events that occurred while the discovery was stayed and the allegations do relate to the issues in this cause of action, the Court does not find undue delay."  (Dkt. No. 60 at 5).  The only "event that occurred while the discovery was stayed" was the arbitration.  The only issue determined by the arbitration panel was whether the case was arbitrable.  There were no new facts or issues that arose while discovery was stayed to support a class action.  As such, the amendment is not based on the discovery of new facts that would account for the delay.

Plaintiff commenced this litigation by filing its complaint on October 20, 2015 (Dkt. No. 1).  On March 30, 2017, eighteen months later, Plaintiff filed its first motion to amend the Complaint to add class action claims.  As noted, this delay in asserting the class action claim was not attributable to the discovery of any facts not previously known to Plaintiff.  The fact that Defendant knew of Plaintiff's first attempt to add a class action claim two years ago, does not excuse the undue delay in asserting claims known all along.  Plaintiff's motion papers do not identify new facts that suddenly came to light warranting a class action, and offer no reasons for why the amendment was not sought at the earliest possible date.

In *Hendersen v. National R. Passenger Corp.,* 117 F.R.D. 620 (N.D. Ill. 1987), the Illinois Northern District Court found undue delay when Plaintiff waited five months after defendant's answer to the individual complaint before filing the motion to amend to add a class action claim. In *King v. Motor Freight Express, Inc.* 1980 U.S. Dist. LEXIS 13025 (N.D. Ill. 1980), the plaintiff

2

"did not raise the possibility of class-wide allegations until two months – and perhaps as much as five months – after he had learned of the facts which led him to seek a class-wide suit."  Because plaintiff did not raise the possibility of class-wide allegations at "the first conceivable moment after he obtained knowledge of that possibility," the court denied the motion to amend.

The underlying motion for leave to amend was filed four years into litigating this case, and should be denied for undue delay.

**B.  Undue Prejudice**

Magistrate Judge Sison found no prejudice to Defendant based a single fact:  that "Defendant knew of Ed Pallet's intentions to add class action allegations for a period of more than two years."  (Dkt. No. 60 at 5.)  The Magistrate neglects to mention the 18 month delay before plaintiff's first attempt to add the class action claim, nor that Plaintiff now seeks "permission to Amend the Complaint in a wholly different manner than that previously suggested to this Court via any previous motion."  (Dkt. No. 44 at 1.)  Nonetheless, this one fact does not speak to the undue prejudice to Defendant if the amendment were allowed.

The Magistrate did not consider that permitting Plaintiff to broadly expand this dispute as to the discrete amount owed under the Reinsurance Participation Agreement ("RPA") into a nationwide class would be extremely prejudicial to Defendant.  The "added complexities entailed in class litigation are relevant to the undue prejudice calculus."  *King v. Motor Freight Express, supra,* 1980 U.S. Dist. LEXIS 13025 (N.D. Ill. 1980), *5.  Permitting the proposed amendment would result in "an entirely new claim, add an entire class of new parties, and require expensive, time-consuming nationwide discovery."  *Id.* at 622, citing *A. Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp.,* 68 F.R.D. 383, 385 (N.D. Ill. 1975).  Under these circumstances the *King* court held that "justice does not require that the amendment be allowed."  *Id.*

3

"[W]here a plaintiff fails to apprise a defendant of the possibility of a class action amendment at the earliest possible date, and where defendant expends time and resources in shaping the litigation as an individual lawsuit, it would be unduly prejudicial to impose upon the defendant the added expense and complexity of a class action." *King v. Motor Freight Express, supra,* 1980 U.S. Dist. LEXIS 13025 (N.D. Ill. 1980).  It is respectfully submitted that the Magistrate Judge erroneously found that expanding this individual breach of contract case to a prohibitively expensive and cumbersome, nationwide class would not prejudice Defendant.

C.    **Futility of the Amendment**

The amendment clearly serves no purpose if Plaintiff cannot maintain a class action pursuant to F.R.C.P. 23(a).  *Israel v. National R.R. Passenger Corp.,*1987 U.S. Dist. LEXIS 9394 (N.D. Ill. 1987), *4.    "To permit a far-reaching amendment requiring considerable effort and expense prior to an early determination of its merit, or lack thereof, is both foolish and contrary to settled doctrine." *Id.*

That being said, Magistrate Judge Sison found it to be "premature to deny leave to amend at this stage in the litigation."  (Dkt. 60 at p. 5).  However, "[t]he court may not presume that plaintiff can conform with Rule 23(a), rather, plaintiff must actually meet all prerequisites." *Id. at *6.*  Contrary to the Magistrate Judge's view, District Courts in this Circuit often consider whether the proposed amendment would fail to meet the requirements for class certification under Fed. Rule Civ. Proc. 23, which directs that class certification be addressed at the earliest practical time. *Henderson v. National R.R. Passenger Corp.*, 117 F.R.D. 620, 623 (1987).  In denying leave to amend, the *Henderson* court found "individual questions of fact outweigh the common" and that commonality and typicality were not met.  *Id.* at 622-623.   In *Israel v. National R.R. Passenger Corp., supra,* 1987 U.S. Dist. LEXIS 9394 (N.D. Ill. 1987), the court denied a motion to amend to

4

add a class action claim for lack of commonality and typicality, and because plaintiff did not share the same interests and damages with the proposed class members to provide fair and adequate representation.  Courts perform this analysis all the time at the amendment stage, and these are all critical factors that were overlooked by the Magistrate's Memorandum and Order.

Further, as brought to the attention of the Magistrate Judge in Defendant's Supplemental Memorandum to Identify a Recent Court Decision (Exhibit A to Dkt. No. 59), all three of the federal courts in the country that had pending requests to certify a class of policyholders nationwide or statewide regarding the RPA and the Applied parties, denied the class certification motions this year.  *Shasta Linen Supply, Inc. v. Applied Underwriters, Inc., et al,* 2:16-cv-00158 (E.D. Cal. January 29, 2019) (Exhibit A to Dkt No. 59); *National Convention Services, LLC v. Applied Underwriters Captive Risk Assurance Company, Inc., et al.* (S.D.N.Y. July 27, 2019) (Exhibit A to Dkt. No. 59) and *Applied Underwriters, Inc. v. Top's Personnel,* 8:15-cv-00090 (D. Neb. February 6, 2019) (Dkt. No. 227).  In *Shasta Linen,* the court denied the class motion and then denied a request to certify a narrowed and redefined class.  In *Top's Personnel,* both the Magistrate Judge and the District Court Judge ruled against class certification.  In other words, four federal judges in three federal courts have issued five different opinions denying class certification as to the Applied program at issue here.

Where an amendment to add a claim for class action would "be futile, greatly protract the litigation, and result in expensive, nationwide discovery, justice does not require that the amendment be allowed."  *Israel, supra,* at *4.  Before allowing Plaintiffs to greatly expand the litigation to include potentially thousands of Plaintiffs at great expense to the Defendant, the Magistrate Judge should have at least considered the four, unanimous opinions by federal judges that denied class certification that were included in Defendant's underlying opposition papers.

III.     <u>**CONCLUSION**</u>

**WHEREFORE**, Defendant respectfully requests that the Court reconsider the Magistrate Judge's grant of Plaintiff's motion for leave to file an amended complaint and expand this litigation to a nationwide class action.

Respectfully submitted,

APPLIED UNDERWRITERS, INC.

By:___*/s/ Daniel E. Tranen*_____
                   One of its attorneys

Daniel E. Tranen, Esq.
ARDC # 6244878
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
101 West Vandalia Street, Suite 220
Edwardsville, Illinois 62025
(618) 307-4895
Email:  daniel.tranen@wilsonelser.com

**Attorneys for Defendant Applied Underwriters, Inc.**

2842248v.2

## Certificate of Service

I HEREBY CERTIFY that a true copy of the foregoing APPLIED DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND was served via ECF this the 4th day of November, 2019, upon:

Daniel Harvath, Esq.
The Daniel Harvath Law Firm, LLC
P.O. Box 440393
Brentwood, MO 63144

*Attorneys for Plaintiff*
ED'S PALLET SERVICES, INC.

By:     /s/ Daniel E. Tranen

7

2842248v.2