IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ED'S PALLET SERVICES, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 15-cv-1163-SMY |
| APPLIED UNDERWRITERS, INC., | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge**

Pending before the Court is Defendant Applied Underwriters, Inc.'s Motion to Appeal Magistrate Judge's Order (Doc. 62). Defendant asserts that Magistrate Judge Gilbert C. Sison erred in granting Plaintiff's Motion for Leave to File an Amended Compliant (Doc. 60). For the following reasons, Defendant's Motion is **DENIED** and Judge Sison's ruling is **AFFIRMED**.

A district judge should not disturb a magistrate judge's ruling on a non-dispositive matter unless it is contrary to law or clearly erroneous. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); SDIL-LR 73.1(a). A decision is clearly erroneous when, on the entire record, the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Weeks v. Samsung Heavy Indus. Co.,* 126 F.3d at 943 (7th Cir. 1997).

Under Federal Rule of Civil Procedure 15(a), if a party is not entitled to amend a pleading as a matter of course, it may amend "with the opposing party's written consent or the court's leave." The court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the

motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848–49 (7th Cir. 2002). In assessing a motion for leave to amend for undue delay, the underlying concern is the prejudice to the defendant rather than simple passage of time. *Dubicz v. Commonwealth Edison Co.,* 377 F.3d 787, 793 (7th Cir. 2004) ("[D]elay by itself is normally an insufficient reason to deny a motion for leave to amend. Delay must be coupled with some other reason").

Here, Defendant asserts that Plaintiff waited 18 months into the litigation before seeking leave to amend the Complaint and, as such, the amendment will create undue delay. Judge Sison concluded that, despite of the age of the case, there was no undue delay in amending the Complaint because for a period of time, discovery was stayed pending arbitration and a scheduling order had not been entered in the case. Judge Sison also concluded that Defendant would not be prejudiced by the amendment. He noted that Plaintiff previously filed a motion to amend its Complaint to add class action allegations, but the undersigned rendered that motion moot due to the stay order (Doc. 36). On these facts, the Court finds that Judge Sison's ruling was neither clearly erroneous nor contrary to law. Accordingly, Defendant's Appeal is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  March 15, 2021**

**STACI M. YANDLE**
**United States District Judge**